UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE COOPER,<br><br>            Plaintiff,<br><br>     v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DEAN BEDNAR and JANE DOE BEDNAR, Husband and Wife,<br><br>           Defendants. | NO. 05-CV-3073-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court, without oral argument, is Defendants' Motion to Dismiss (Ct. Rec. 22). After reviewing the submitted materials and relevant authority, the Court is fully informed and hereby grants Defendants' motion.

## I. Background

On June 1, 2006, Defendants served Plaintiff's counsel, Ryan Edgley, with Defendants' First Interrogatories and Requests for Production ("Discovery Request"). (Ct. Rec. 17 Exs. A & B.) On July 12, 2006, over one-week after Plaintiff's responses to the Discovery Request were due, defense counsel sent a letter to Mr. Edgley which set a telephonic

Order - 1

discovery conference to discuss Plaintiff's overdue discovery responses for 10:00 a.m. on July 14, 2006. *Id.* Ex. C.  On July 14, 2006, defense counsel attempted to contact Mr. Edgley four separate times to conduct the telephonic discovery conference referenced in the July 12, 2006, letter. (Ct. Rec. 16 ¶ 5.)  During the fourth call, defense counsel was informed that Mr. Edgley was participating in a deposition and would not be available for the conference. *Id.*  Defense counsel then left a voice mail message for Mr. Edgley, in which defense counsel reminded Mr. Edgley of the discovery conference and overdue discovery responses, and requested Mr. Edgley call defense counsel back. *Id.* ¶ 6.  On July 21, 2006, Defendants filed a Motion to Compel.  (Ct. Rec. 15.)

On August 18, 2006, the Court entered an Order compelling Plaintiff to serve his discovery responses no later than September 1, 2006.  (Ct. Rec. 20 at 3.)  In addition, the Court noted that if Plaintiff failed to provide full and complete discovery responses by September 1, 2006, Defendants would be permitted to move the Court for Federal Rule of Civil Procedure 37(b)(2) sanctions, which may include a request for dismissal.

On September 7, 2006, Defendants filed a Motion to Dismiss (Ct. Rec. 22).  As of the day of this Order, no response has been filed by Plaintiff regarding sanctions, the Order compelling discovery, or Defendants' Motion to Dismiss.

## II. Analysis

Under Rule 37(b)(2), if a party:

> fails to obey an order to provide discovery . . . the court in which the action is pending may make . . . (C) An order striking out the pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering judgment by default against the disobedient party.

Order - 2

The Ninth Circuit has established five factors to consider when determining whether to dismiss an action under Rule 37:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir. 1990). With respect to the last of these considerations, when the Court has "instigated less drastic sanctions, but to no avail" dismissal may be appropriate. *Toth v. Trans World Airlines, Inc.,* 862 F.2d 1381, 1385 (9th Cir. 1988). Here, the Court has compelled discovery and ordered monetary sanctions against counsel for plaintiff with no response. Further, factor (1) the public's interest in expeditious resolution of the case, factor (2) the court's need to manage its docket, and factor (3) the risk of prejudice to Defendants all weigh in favor of dismissal. While the Court must consider the benefit of the disposition of this case on its merits, the other four factors weigh heavily in favor of dismissal.

Further, Local Rule 7.1(h)(5) provides that failure to timely file a memorandum in support or opposition to any motion may be considered by the Court as consent to the entry of an adverse order against the party failing to file the memorandum. Here, Plaintiff has failed to file a memorandum in opposition to Defendants' Motion to Dismiss. The Court considers this failure as consent to the entry of an order dismissing the case. Therefore, the Court grants Defendants' Motion to Dismiss.

///
///
///

Order - 3

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss **(Ct. Rec. 22)** is **GRANTED.** Plaintiff's Complaint for Damages Caused by Wrongful Discharge **(Ct. Rec. 1)** is **DISMISSED WITH PREJUDICE.**

2. The pretrial conference and trial are **STRICKEN.**

**IT IS SO ORDERED.** The District Court Executive is directed to:

(A) Enter this Order;

(B) **Prepare and enter JUDGMENT accordingly;**

(C) Provide copies of the Order and Judgment to counsel; and

(D) **CLOSE THIS FILE.**

**DATED** this 16th day of October 2006.

                     S/ Edward F. Shea
                         EDWARD F. SHEA
                       United States District Judge

Q:\Civil\2005\3073.dismiss.2.wpd

Order - 4